JOURNAL ENTRY and OPINION
This is an appeal from an order of Visiting Juvenile Court Judge Joseph C. Zieba, granting the Cuyahoga County Department of Child and Family Services (CCDCFS) permanent custody of Daiselle, Damon, and Regine Martin. Appellant Sellestine Martin claims that CCDCFS failed to prove she could not be reunited with her children within a reasonable time. We disagree and affirm.
From the record we glean the following: On July 28, 1999, the Martin children, ages 12, 10 and 8 years, who had been in the temporary custody of CCDCFS and only recently reunited with their mother, were again the subject of an investigation because of complaints that Ms. Martin was abusing drugs and neglecting them. Ms. Martin had gone to a drug rehabilitation center for an initial assessment but failed to return for a full assessment. In August 1999, she left the children with her sister, Sheryl Brown, disappeared and, despite receiving ADC payments on behalf of the children until December 1999, did not contact them or her sister or provide for their support. On November 22, 1999, CCDCFS filed a complaint alleging Ms. Martin had neglected her three children and requesting permanent custody.
After an adjudicatory hearing on April 24, 2000, the judge found the children were neglected, and, on June 5, 2000, a dispositional hearing was held on the permanent custody request. A social worker testified that Ms. Martin had a history both of drug abuse and, since 1987, of complaints of neglect with the agency and that her children had been in CCDCFS custody from 1996 until August 1999, when they were reunited with her until she left them with Ms. Brown later that month. She stated that CCDCFS had maintained the children's placement with their aunt, that they were doing well in her home, and that Ms. Brown had expressed a desire to adopt them.
Although documents showed that Ms. Martin completed a brief drug treatment program between February 1, 2000 and February 18, 2000, there was evidence that she was not participating in the aftercare program for that treatment. Furthermore, her whereabouts between August 1999 and January 2000 were unknown and unexplained, despite the fact that she purportedly left the children to seek treatment at that time. The social worker admitted that Ms. Martin had been more cooperative since the filing of the complaint but had continued to give evasive answers to questions about her residence address and living arrangements.
Ms. Martin's lawyer tried to establish that Ms. Brown refused to allow Ms. Martin to visit the children and presented evidence that she was then succeeding in her drug rehabilitation. The children's guardian ad litem, Thomas Konet, stated that, although the children loved their mother, they had accepted and adjusted to the fact that she would not be there for them on a regular basis. He noted that Ms. Martin had failed to contact her children between August 1999 and December 1999 and had not maintained regular contact with them since appearing to contest the permanent custody proceedings. He concluded that she could not be foreseeably viewed as an appropriate parent, and recommended CCDCFS take permanent custody.
On June 6, 2000, the judge entered an order granting CCDCFS permanent custody of the children, and found such disposition to be in their best interest because of their mother's chronic drug problem, lack of stable housing, and failure to provide for their basic food, shelter, and clothing needs.
Ms. Martin asserts a single assignment of error:
 THE TRIAL COURT ERRED BY GRANTING CCDCFS PERMANENT CUSTODY OF THE INVOLVED MINOR CHILDREN WHERE THERE WAS NO CLEAR AND CONVINCING EVIDENCE THAT THE CHILDREN COULD NOT BE PLACED WITH THE APPELLANT WITHIN A REASONABLE TIME.
It is unclear whether Ms. Martin's assignment challenges the sufficiency of the evidence, the weight of the evidence, or both. If based on the sufficiency of the evidence, she must show that no reasonable trier of fact could have found, by clear and convincing evidence, that the children could not be placed with her within a reasonable time. R.C. 2151.353(A)(4), 2151.414; State v. Stallings (2000), 89 Ohio St.3d 280, 289, 731 N.E.2d 159, 171 (quoting Jackson v. Virginia [1979], 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560,573). This is a legal standard and does not allow for weighing the evidence presented. State v. Thompkins (1997), 78 Ohio St.3d 380, 386,678 N.E.2d 541, 546. By contrast, a manifest weight standard addresses the credibility of witnesses and the quality of the evidence produced to determine whether the trier of fact reached an unreasonable conclusion. State v. Martin (1983), 20 Ohio App. 172, 175, 20 OBR 415, 485 N.E.2d 717,720-21. A reviewing court will not reverse a decision as against the manifest weight of the evidence unless the factfinder's decision is a miscarriage of justice. Id. Ms. Martin's appeal fails under either standard.
The judge heard evidence that Ms. Martin had a chronic drug problem; that she had been under scrutiny for neglecting her children for their entire lives; and that after losing custody of the children temporarily and being reunited with them, she failed to sustain their care, ultimately abandoning them to Ms. Brown and disappearing for several months. Moreover, despite attending a brief drug rehabilitation program, she failed to attend aftercare sessions. This evidence is sufficient to support the findings required under R.C. 2151.353(A)(4), and nothing suggests that the judge was unreasonable in making those findings.
Ms. Martin claims the judge failed to take into account, by the time of the dispositional hearing, her efforts to address her drug problem and contact her children and argues for a more flexible definition of the reasonable time requirements of R.C. 2151.353(A)(4) and R.C. 2151.414(E). CCDCFS counters that, once one of the factors in R.C. 2151.414(E) is satisfied, the judge is statutorily required to find that the children cannot be placed with the parent within a reasonable time. Because of a finding that the children's parents demonstrated a lack of commitment to them under R.C. 2151.414(E)(4), CCDCFS contends that the finding was mandated.
Ms. Martin claims that she has continued to make progress on all matters, but her brief makes no citation to the transcript to support this assertion. This failure alone would suffice to overrule this assignment, App.R. 16, and her three-paged brief does not even specify what that progress is. There is, on the other hand, ample evidence to the contrary, especially of her failure to identify a certain current residence or even to discuss the matter.
Finally, we note that any extension of time provided to a parent is also an extension of time in which a child is denied the opportunity to live in an adequate permanent home. Ms. Martin failed to cite any evidence that, if given more time, she would be able to provide such a home. There was clear and convincing evidence that she could not be reunited with her children within a reasonable time, and that permanent custody was in their best interests. We overrule the assignment of error.
Judgment affirmed.
It is ordered that the appellee recover from appellant its costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court, Juvenile Court Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ____________________ ANNE L. KILBANE, J.:
DIANE KAPRINSKI, A.J., CONCUR; JAMES D. SWEENEY, J., CONCURS IN JUDGMENT ONLY WITH SEPARATE OPINION.